## Thomas Doyle et al. v. The People, etc., for use, etc.

1. DAMAGES—*When Amount of, Will be Ground for the Reversal of a Judgment.*—Where the damages awarded to a plaintiff are grossly excessive, and against the clear preponderance of the evidence, the judgment will be reversed on appeal.

Debt, on a constable's bond. Appeal from the Circuit Court of La Salle County: the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9, 1896.

DUNCAN, HASKINS & PANNECK, attorneys for appellants.

C. S. CULLEN and REYNOLDS & PURKHISER, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a suit brought in the name of the people, for the use of Maggie Gunning, against Thomas Doyle, Frank Reinke and John Martin. Doyle was a constable, and the other two defendants were sureties upon his official bond.

The action was upon the bond to recover, the value of certain personal chattels which Mrs. Gunning claims were her property, but which were levied upon and sold by Doyle, as constable, under a writ of attachment against one John Stuckel, a son-in-law of the beneficial plaintiff.

There was a recovery below for $250. Appellants bring the case here, and insist on a reversal, upon two grounds, viz. : First, that the evidence does not support a verdict that the property belonged to Maggie Gunning; second, that the damages are excessive.

As no legal principle is involved, no extended statement of the facts is necessary. No complaint is made of the rulings of the court in admitting or rejecting evidence, nor in giving or refusing instructions.

On the first ground urged by appellants, we would not be disposed to interfere with the judgment, especially as two juries have found the property in question to belong to Mrs. Gunning. But, under the evidence, we regard the damages as greatly excessive, and against the clear preponderance of the testimony. For that reason the judgment must be reversed and the cause remanded.